## In re McKANE.

### (District Court, E. D. New York. July 30, 1907.)

**1. BANKRUPTCY—GROUNDS FOR REFUSING DISCHARGE—TRANSFER OF PROPERTY WITH INTENT TO DEFRAUD CREDITORS.**

A conveyance by a bankrupt of real estate in New York, which is required to be recorded by Rev. St. N. Y. pt. 2, c. 3, tit. 5, § 1, as amended by Laws 1896, c. 572, p. 652, may be made the basis of an objection to the bankrupt's discharge, under Bankr. Act July 1, 1898, c. 541, 30 Stat. 550, § 14b (4) [U. S. Comp. St. 1901, p. 3427], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684], if made with intent to hinder, delay, or defraud his creditors, although made more than four months prior to his bankruptcy, if it was recorded within that time.

**2. SAME—FINDINGS OF FACT BY SPECIAL COMMISSIONER.**

A finding by a special commissioner, to whom was referred a bankrupt's application for discharge and objections thereto, that a transfer of property by the bankrupt was not in fact made with intent to hinder, delay, or defraud creditors, should be followed, unless there is no evidence to support it.

In Bankruptcy. On application for discharge.

For former opinion, see 152 Fed. 733.

Frederick W. Sparks, for creditor.

Lyman W. Redington, for bankrupt.

CHATFIELD, District Judge. The bankrupt, James McKane, has applied for a discharge, to which objections have been filed. The specifications of those objections have been referred to a special commissioner, to hear and report his opinion thereon. This special commissioner has reported his opinion to be "that the specifications have not been sustained and that the bankrupt's discharge should be granted." The specifications alleged that the bankrupt was not entitled to a discharge, on the ground that at some time subsequent to the first day of the four months immediately preceding the filing of the petition, which was upon November 29, 1905, the bankrupt, with intent to hinder, delay, and defraud his creditors, transferred two pieces of real estate, and within the same period, transferred certain personal property, concealed certain property from his trustee, did not keep books of account, and made a false oath as to his property. Upon all of these specifications the special commissioner has found in favor of the bankrupt, and upon the motion to confirm the special commissioner's report exception is principally taken to the finding upon the allegation that subsequent to the first day of the four months prior to the filing of his petition the bankrupt had transferred real property.

This objection is based upon the provisions of the bankruptcy law.

Section 4, subd. "b," par. 4, (Act February 5, 1903, c. 487, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 684]), provides that the application for the discharge of a bankrupt shall not be granted where it appears that the bankrupt has "at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors." Section 3, subd. "b" (Bankr. Act July 1, 1898, c. 541, 30 St. 546 [U. S. Comp. St. 1901, p. 3422]), in defining acts of bankruptcy which have occurred within four months prior to the filing of the petition, uses the following language:

"Such time shall not expire until four months after (1) the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property with intent to hinder, delay, or defraud his creditors or for the purpose of giving a preference as hereinbefore provided, or a general assignment for the benefit of his creditors, if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive, or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment."

Section 60 says:

"(a) Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

Section 67, par. "e," is as follows:

"All conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration."

Attention is called by the opposing creditor to the fact that section 241, c. 547, p. 607, Laws of 1896, known as the "Real Property Law," of New York, provides as follows:

"A conveyance of real property, within the state, on being duly acknowledged by the person executing the same * * * may be recorded in the office of the clerk of the county where said real property is situated."

And chapter 572, p. 652, Laws of 1896, amending section 1, tit. 5, c. 3, pt. 2 (1st Ed.) of the Revised Statutes, is as follows:

"Every conveyance of real estate within this state shall be recorded in the office of the clerk of the county where said real estate shall be situated. * * *"

By chapter 83, p. 77, of the Laws of 1852, the register of Kings county takes the place of and has entire charge of the matter of recording deeds, in lieu of the county clerk. The objecting creditor claims that the transfers objected to by him are such as must be re-

corded, under the laws of New York, in order to have them valid as against the creditors, and that they were recorded within the period within which the transfer of property, with intent to hinder or defraud creditors, is declared void under the bankruptcy law.

The point seems to be well taken that the bankruptcy law contemplates making a transfer, recorded within the period of four months prior to the act of bankruptcy, such a transfer as may be attacked by creditors. A transfer of property, of such a character that it may be held fraudulent, can be vacated both as against the bankrupt and as against the grantee, and, if the grantee does not record the instrument, his delay in so doing gives to the creditors of the bankrupt an opportunity to show the character of the transaction. In a fraudulent transaction, the grantee is presumed to be a party to the fraud, and does not occupy the position of an innocent holder for value. If, therefore, an instrument has been made by a bankrupt and recorded within the statutory period, it is a question of fact whether it was done with intent to defraud, hinder, or delay his creditors, or to give a preference to any one of them. A transfer made with this intent in view can be set aside, if recorded within the prescribed period. The special commissioner has held in the present case that the actual transfer, as shown by the evidence, occurred long prior to the date of record. He has decided the issue of fact in favor of the bankrupt, holding that the transfers were not with intent to hinder, delay, or defraud creditors, and his decision of this issue of fact should be followed, unless there is no evidence shown supporting the bankrupt's contention.

The report will be confirmed.